IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOSE VELAZQUEZ (K-68874)** ) | |
| ) | |
| Plaintiff, ) | **14 CV 9121** |
| ) | |
| v. ) | **Honorable JudgeThomas M. Durkin** |
| ) | |
| **TERRENCE WILLIAMS;** ) | **Magistrate Judge Michael T. Mason** |
| **DR. LOUIS SHICKEL; DR ARTHUR** ) | |
| **DAVIDA, and JOHN DOES 1-20 IN** ) | |
| **THEIR INDIVIDUAL CAPACITIES** ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

PLAINTIFF Jose Velazquez, by his Attorney, Whitman H. Brisky of Mauck & Baker, LLC, alleges the following:

**NATURE OF THE ACTION**

1. This is an action brought pursuant to 42 U.S.C. § 1983 as a result of Defendants' violation of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Illinois Constitution, when Plaintiff detainee was denied medical attention and treatment by Defendants to address his serious medical needs. The Eighth Amendment's standard of deliberate indifference

to a serious medical need is applicable under the Fourteenth Amendment's Due Process Clause.

## JURISDICTION AND VENUE

2. This action arises under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and the Civil Rights Act, Title 42 Section 1983 U.S. Code. The state law claim is so closely related to the federal claim as to create supplemental jurisdiction under 28 U.S.C. § 1367 (a).

3. Venue is proper in this District because the material events occurred in this District.

## CAUSES OF ACTION

### COUNT I: FOURTEENTH AMENDMENT: DUE PROCESS

4. Prior to the events giving rise to the claims herein, and currently, Plaintiff Jose Velazquez was an inmate of Lincoln Correctional Center, Lincoln, Illinois ("Lincoln") as inmate number K-68874.

5. Plaintiff was, at all relevant times, suffering from mental illness including severe anxiety and bipolar disorder, as well as physical illnesses including, but not limited to, pain from a serious injury and nerve damage. At Lincoln these conditions were being successfully controlled through various medications administered regularly to Plaintiff including Paxil, Remeron, Trazodone, Ibuprofen 800 mg, and Neurotin 600 mg. He had also been placed on a special diet to further control his medical conditions.

6. On or about July 23, 2014 Plaintiff was transferred temporarily to Stateville Correctional Center in Joliet, Illinois ("Stateville") to attend court appearances in a case to which he was a party.

7. Defendants are employees and officials of Stateville responsible for providing medical care to Plaintiff while he was housed at Stateville who knew, or should have known, of Plaintiff's medical needs and prescribed treatment at Lincoln and who intentionally, or through deliberate indifference, failed to provide him with needed medical care.

8. Upon arriving at Stateville, Plaintiff was denied any medication or special diet necessary to control the medical conditions from which he suffered, including the medications and special diet already being provided at Lincoln.

9. Plaintiff requested Defendants provide him with his medication, special diet and medical attention but he was not seen by any Stateville physician or provided any medical attention for two to three weeks.

10. After approximately two to three weeks he was finally seen by Defendant Dr. Arthur Davida who prescribed some medications for his medical conditions, but, despite Plaintiff's request, no pain medication and none of the psychotropic medications with which he was being successfully treated at Lincoln.

11. It was not until approximately five weeks after being temporarily transferred to Stateville that Plaintiff was allowed by Defendants to see a psychiatrist

who prescribed Ritalin rather than any of the psychotropic medications with which he was being successfully treated at Lincoln.

12. Plaintiff never received his special diet while at Stateville.

13. While he was at Stateville, and at least in part due to unsanitary, vermin infested and filthy living conditions at Stateville which make personal hygiene difficult, Plaintiff developed severe boils, respiratory distress, foot fungus, and other medical conditions for which he requested medical attention from Defendants.

14. Defendants denied Plaintiff medical treatment for these conditions, including a five day denial of treatment for ruptured boils.

15. As a result of the foregoing lack of treatment, particularly for his mental health conditions, Plaintiff suffered pain, anxiety, distress and other severe mental and physical symptoms. These symptoms aggravated his pre-existing mental condition known to Defendants.

16. In addition to numerous requests for medical attention to Defendants, Plaintiff filed grievances on or about August 6, 2014, August 18, 2014, and August 25, 2014, all of which were denied.

17. Plaintiff was never given proper medical treatment by Defendants while housed at Stateville but, when returned to Lincoln, received his modified diet and proper medication and has slowly returned to his prior medical condition, though he has not recovered completely from some symptoms and illnesses.

18. The denial of medication and special diets being administered to inmates at their "home" facility to temporary inmates at Stateville for substantial periods of time after transfer appears to be part of a policy or practice by Defendants.

19. The denial of needed medication for substantial periods of time to inmates such as Plaintiff results in enhanced punishment for exercising the inmate's constitutional right of access to the courts.

**WHEREFORE**, Plaintiff requests that this Court:

A. Award all damages, including punitive damages, to which Plaintiff is entitled;

B. Award attorney's fees and costs of this proceeding pursuant to 42 U.S.C. § 1988; and

C. Grant such other relief as this Court deems appropriate.

### COUNT II: DUE PROCESS UNDER ART. I, SECTION 2 OF THE ILLINOIS CONSTITUTION

20. Plaintiff realleges ¶¶ 1-19 above as if they had been set forth in full herein.

**WHEREFORE**, Plaintiff requests that this Court:

A. Award all damages, including punitive damages, to which Plaintiff is entitled;

B. Award attorney's fees and costs of this proceeding pursuant to 42 U.S.C. § 1988 and 740 ILCS 23/5(c); and

C. Grant such other relief as this Court deems appropriate.

**JOSE VELAZQUEZ**

By: \_\_\_\_\_/s/ Whitman H. Brisky_____
   One of Plaintiff's Attorneys

Whitman H. Brisky
Noel W. Sterett
**Mauck & Baker, LLC**
One North LaSalle Street
Suite 600
Chicago, Illinois 60602
P: (312) 726-1243
F: (866) 619-8661
Firm No. 38012

F:\Clients\3223\20150116_FirstAmendComplaint.doc