IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE VELAZQUEZ (K-68874) | ) | |
| | ) | |
| Plaintiff, | ) | 14 CV 9121 |
| | ) | |
| v. | ) | Honorable Judge Thomas M. Durkin |
| | ) | |
| TERRENCE WILLIAMS; | ) | Magistrate Judge Michael T. Mason |
| DR. ARTHUR DAVIDA, WEXFORD | ) | |
| HEALTH SOURCES, Inc., an Illinois | ) | |
| corporation, and JOHN DOES 1-20 | ) | |
| IN THEIR INDIVIDUAL | ) | |
| CAPACITIES | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**THIRD AMENDED COMPLAINT**

PLAINTIFF Jose Velazquez, by his Attorney, Whitman H. Brisky of Mauck & Baker, LLC, alleges the following:

**NATURE OF THE ACTION**

1. This is an action brought pursuant to 42 U.S.C. § 1983 as a result of Defendants' violation of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Illinois Constitution, when Plaintiff detainee was denied medical attention and treatment by Defendants to address his serious

medical needs. The Eighth Amendment's standard of deliberate indifference to a serious medical need is applicable under the Fourteenth Amendment's Due Process Clause.

2. In addition, because the Defendants are also systematically excluding and denying the benefits of medical services to Plaintiff, and others who are similarly disabled, *because* they require psychotropic medications and are so disabled, Plaintiff also states a claim under the Americans with Disabilities and Rehabilitation Acts. 42 U.S.C. § 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.").

## PARTIES

3. Plaintiff JOSE VELASQUEZ was, prior to and at the time of the events giving rise to the claims herein, and is currently an inmate of Lincoln Correctional Center, Lincoln, Illinois ("Lincoln") as inmate number K-68874.

4. DR. LOUIS SHICKER, and DEFENDANTS TERRENCE WILLIAMS ("Tarry Williams" or "Williams") and DR. ARTHUR DAVIDA are employees and officials of Stateville responsible for providing medical care to Plaintiff while he was housed at Stateville who knew, or should have known, of Plaintiff's medical needs and prescribed

treatment at Lincoln and who intentionally, or through deliberate indifference, failed to provide him with needed medical care.

5. Defendants John Does 1-20 are individuals, employees and officials of Stateville acting under color of state law and responsible for providing medical care to Plaintiff and/or for conveying requests for medical care to those responsible for providing medical care while he was housed at Stateville who knew, or should have known, of Plaintiff's medical needs and prescribed treatment at Lincoln and who intentionally, or through deliberate indifference, failed to provide him with needed medical care in violation of Plaintiff's constitutional and federal rights.

6. Defendant WEXFORD HEALTH SOURCES, INC., is a corporation that contracts with the Illinois Department of Corrections to provide health care to prisoners at Stateville Correctional Center, Joliet, Illinios ("Stateville") and employs Dr. Louis Shicker and Defendant Davida whose acts are attributable to Wexford under respondeat superior.

## JURISDICTION AND VENUE

7. This action arises under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and the Civil Rights Act, Title 42 Section 1983 U.S. Code. The state law claim is so closely related to the federal claim as to create supplemental jurisdiction under 28 U.S.C. § 1367 (a).

8. Venue is proper in this District because the material events occurred in this District.

## CAUSES OF ACTION

### COUNT I: EIGTH AMENDMENT

9. Plaintiff was, at all relevant times, suffering from mental illness including severe anxiety and bipolar disorder, as well as physical illnesses including, but not limited to, pain from a serious injury and nerve damage. At Lincoln these conditions were being successfully controlled through various medications administered regularly to Plaintiff including, but not limited to, Paxil, Remeron, Trazodone, Ibuprofen 800 mg, and Neurotin 600 mg. He had also been placed on a special diet to further control his medical conditions. Plaintiff also suffers from diabetes which required the administration of insulin.

10. On or about July 23, 2014 Plaintiff was transferred temporarily to Stateville Correctional Center in Joliet, Illinois ("Stateville") to attend court appearances in a case to which he was a party.

11. Upon arriving at Stateville, Plaintiff was provided insulin for his diabetes but denied other medications and treatment including pain and psychotropic medication and the special diet necessary to control the medical conditions from which he suffered, including the medications and special diet already being provided at Lincoln.

12. Defendants knew, or should have known, of the serious medical conditions suffered by Plaintiff and the treatment for such conditions being provided at Lincoln at or about the time of his arrival at Stateville since such information is contained within the medical records which follow the Plaintiff from facility to facility.

13. Plaintiff requested Defendants provide him with his medication, special diet and medical attention but he was not seen by any Stateville physician or provided any medical attention for two to three weeks.

14. After approximately two to three weeks he was finally seen by Defendant Dr. Arthur Davida who prescribed some medications for his medical conditions, but, despite Plaintiff's request, no pain medication and none of the psychotropic medications with which he was being successfully treated at Lincoln.

15. It was not until approximately five weeks after being temporarily transferred to Stateville that Plaintiff was allowed by Defendants to see a psychiatrist who prescribed Ritalin rather than any of the psychotropic medications with which he was being successfully treated at Lincoln.

16. Plaintiff never received his special diet while at Stateville.

17. While he was at Stateville, and at least in part due to unsanitary, vermin infested and filthy living conditions at Stateville which make personal hygiene difficult, Plaintiff developed severe boils, respiratory distress, foot fungus, and other medical conditions for which he requested medical attention from Defendants.

18. Defendants denied Plaintiff medical treatment for these conditions, including a five day denial of treatment for ruptured boils.

19. As a result of the foregoing lack of treatment, particularly for his mental health conditions, Plaintiff suffered pain, anxiety, distress and other severe mental and physical symptoms. These symptoms aggravated his pre-existing mental condition known to Defendants.

20. In addition to numerous requests for medical attention to Defendants, Plaintiff filed grievances on or about August 6, 2014, August 18, 2014, and August 25, 2014, all of which were denied. Group Exhibit A.

21. Plaintiff was never given proper medical treatment by Defendants while housed at Stateville but, when returned to Lincoln, received his modified diet and proper medication and has slowly returned to his prior medical condition, though he has not recovered completely from some symptoms and illnesses which developed at Stateville.

22. Upon information and belief, the denial of psychotropic medication being administered to inmates at their "home" facility to temporary inmates at Stateville for substantial periods of time after transfer is part of a policy or practice by Defendants.

23. The denial of needed medication for substantial periods of time to inmates such as Plaintiff who was transferred temporarily to Stateville to participate in court proceedings, results in enhanced punishment for exercising the inmate's constitutional right of access to the courts.

24. Upon information and belief, Dr. Luis Shicker was consulted regarding the grievances the Plaintiff filed concerning his condition and the risked it posed to him, but disregarded the risk.

25. Defendant Williams signed and was aware of the grievances filed by the Plaintiff concerning his condition and the risks the facts stated in the grievances posed to Plaintiff.

26. Defendant Williams knew about the Plaintiff's condition and the risked it posed to him, but disregarded the risk.

27. The content of his grievances, which are attached as Group Exhibit A, were sufficient to alert Dr. Luis Shicker and Defendant Williams of Plaintiff's condition and the risked it posed to him, but nevertheless, Dr. Luis Shicker and Defendant Williams disregarded the risk.

**WHEREFORE**, Plaintiff requests that this Court:

A. Award all damages, including punitive damages, to which Plaintiff is entitled;

B. Award attorney's fees and costs of this proceeding pursuant to 42 U.S.C. § 1988; and

C. Grant such other relief as this Court deems appropriate.

## COUNT II: DUE PROCESS UNDER ART. I, SECTION 2 OF THE ILLINOIS CONSTITUTION

### (DISMISSED WITH PREJUDICE AS TO ALL DEFENDANTS)

This count was dismissed with prejudice pursuant to the District Court's Memorandum Opinion and Order of June 30, 2015. Plaintiff reserves his right to appeal dismissal of this Count.

### COUNT III: OFFICIAL POLICY CLAIM AGAINST DEFENDANT WEXFORD

### (DISMISSED WITHOUT PREJUDICE AS TO WEXFORD AND NOT RE-PLED AT THIS TIME)

28. Plaintiff realleges ¶¶ 1-27 above as if they had been set forth in full herein.

29. Wexford is a private Illinois corporation acting under color of state law which can "be held liable for injuries resulting from their policies and practices." *Estate of Nicholas Rice v. Correctional Medical Serv.*, 675 F.3d 650, 675, 2012 WL 917291 (7th Cir. 2012).

30. This count was dismissed **without** prejudice pursuant to the District Court's Memorandum Opinion and Order of June 30, 2015, and Plaintiff reserves the right to reincorporate this count should more information be discovered concerning a policy or practice of Wexford of denying psychotropic medicines to mentally disabled inmates who are transferred temporarily to Stateville Correctional Center in Joliet, Illinois ("Stateville") to attend court appearances which led to Plaintiffs' injuries herein.

## COUNTS IV-V: AMERICANS WITH DISABILITIES AND REHABILITATION ACT CLAIMS

### (DISMISSED WITH PREJUDICE AS TO DEFENDANTS SHICKER AND WILLIAMS AND REPLED AS TO DEFENDANTS DAVIDA AND WEXFORD)

31. Plaintiff realleges ¶¶ 1- 27 above as if they had been set forth in full herein.

32. Title II of the ADA applies to inmates in state prisons.

33. Section 504 of the Rehabilitation Act is codified at 29 U.S.C. § 794 and provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

34. Title II of the ADA "imposes respondeat superior liability on an employer for the acts of its agents. DeVito v. Chicago Park Dist., 83 F.3d 878, 881 (7th Cir. Ill. 1996); see also Edwards v. Ill. Dep't of Fin. & Prof'l Regulation, 2014 U.S. Dist. LEXIS 40725, *9 (N.D. Ill. Mar. 27, 2014)

35. The requirements of the two statutes are similar, except that the Rehabilitation Act requires that the program or activity at issue receive Federal financial assistance.

36. The program or activities involved herein receive Federal financial assistance.

37. Solely by reason of his disability which requires a regimen of psychotropic medication, Defendants denied Plaintiff the benefits of the medical care he was entitled to receive when he was transferred to Stateville.

38. The Plaintiff was treated worse than other inmates without disabilities or with non-mental disabilities because such inmates receive medical care for their conditions while Plaintiff did not because his condition was mental, not physical, and required a regimen of psychotropic medication.

**WHEREFORE**, Plaintiff requests that this Court:

A. Award all damages, including punitive damages, to which Plaintiff is entitled;

B. Award attorney's fees and costs of this proceeding pursuant to 42 U.S. Code § 12205; and

C. Grant such other relief as this Court deems appropriate.

### JOSE VELAZQUEZ

By: _____/s/ Whitman H. Brisky_____
One of Plaintiff's Attorneys

Whitman H. Brisky
Noel W. Sterett
**Mauck & Baker, LLC**
One North LaSalle Street
Suite 600
Chicago, Illinois 60602
P: (312) 726-1243
F: (866) 619-8661
Firm No. 38012